ANDREW J. GRAMAJO, ESQ.
SBN: 338144
andrew@ajglawgroup.us
1547 Palos Verdes Mall, #205
Walnut Creek, CA 94597
Tel.: (415) 638-9140

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTIN HICKLE,<br><br>Plaintiff,<br><br>vs.<br><br>INFLECTION RISK SOLUTIONS, LLC,<br><br>Defendant, | Case No.:<br><br>**COMPLAINT** for violations of the Fair Credit Reporting Act,<br>15 U.S.C. § 1681 *et seq.* and the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

   NOW COMES, Plaintiff AUSTIN HICKLE ("Plaintiff") by and through his attorneys, AJG LAW GROUP, PC. and JAFFER & ASSOCIATES, PLLC (Pro Hac Vice pending), and files this *Complaint* against Defendant INFLECTION RISK SOLUTIONS, LLC ("Inflection" or "Defendant"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.   Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA") and Cal. Civ. Code § 1785 *et seq.* the Consumer Credit Reporting Agencies Act

("CCRAA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Defendant primarily resides in this district and transacts business here.

## PARTIES AND SERVICE

**Plaintiff Austin Hickle**

4. Plaintiff is a resident of Warren County, Ohio.

5. At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

**Defendant Inflection Risk Solutions, LLC**

6. Defendant Inflection is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d). Defendant may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 330 N Brand Blvd Ste. 700, Glendale, California 91203.

7. At all times material hereto, Defendant Inflection is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d and Cal. Civ. Code § 1785.3(c).

8. Among other things, Defendant Inflection sells consumer background checks to hiring

managers for the use of employment purposes, as defined under Cal. Civ. Code § 1785.3(f), such as deciding whether to continue or offer employment to prospective employees or to take adverse action as defined by Cal. Civ. Code § 1785.3(a) such as withdrawing employment opportunities or terminating existing employment. These reports are provided in connection with a business transaction initiated by the hiring company.

## FACTUAL ALLEGATIONS

9. In or around July 2024, Plaintiff attempted to create an account with Airbnb, Inc ("Airbnb") to list a rental property that he owns.

10. Plaintiff's account with Airbnb was contingent on Plaintiff passing his background check through Defendant Inflection.

11. Shortly after, Airbnb requested a background check on Plaintiff from Defendant Infection

12. At some time better know to Defendant Inflection, Inflection published Plaintiff's background check (the "Report") to Airbnb.

13. Defendant Inflection falsely and erroneously published in the Report that Plaintiff was convicted of a public nuisance misdemeanor and an aggravated assault felony (the "Convictions").

14. The envelope that contained Plaintiff's background check report from Defendant Inflection was addressed to an "Andrew Hickle" instead of "Austin Hickle" which is Plaintiff's legal name.

15. Plaintiff is not named on the Seneca County Ohio court records, nor is he named in the Hancock County Ohio court records.

16. An "Andrew Hickle" is named in the Hancock County Ohio court records.

17. In its Report, Defendant Inflection falsely or erroneously published the Charge despite it having been expunged months prior to the Report's publication.

18. The false or erroneous publication of the Convictions to Plaintiff's Report exclusively

caused Plaintiff's use of Airbnb to be terminated.

19. Defendant Inflection did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer report because Defendant Inflection published a Report relating to the Plaintiff which contained the erroneous Convictions.

20. Defendant Inflection failed to take adequate steps to verify information before Inflection included it in Plaintiff's consumer report which was later published to users.

21. The erroneous and false reporting of the Convictions on Plaintiff's consumer report is objectively likely to mislead intended users of Plaintiff's consumer report.

22. Due to Defendant Inflection's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, Plaintiff suffers from injury to his reputation, undue stress trying to correct the Report, mental anguish and emotional distress, anxiety, and added stress to his daily routine.

23. Defendant Inflection willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Inflection**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

25. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq*.

26. Defendant Inflection violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant Inflection maintained concerning Plaintiff.

27. Defendant Inflection has negligently failed to comply with the FCRA. The failure of Inflection to comply with the FCRA includes but is not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Inflection to delete;

c. The failure to take adequate steps to verify information Inflection had reason to believe was inaccurate before including it in the credit report of the consumer.

28. As a result of the conduct, action and inaction of Defendant Inflection, Plaintiff suffered damage by damage to his reputation; undue stress exerted trying to fix the erroneous Report; and the mental and emotional pain, anguish, humiliation, and embarrassment of a false or erroneous background check report.

29. The conduct, action and inaction of Defendant Inflection was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

30. Plaintiff is entitled to recover reasonable costs and attorney's fees from Inflection in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**SECOND CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Inflection**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

32. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

33. Defendant Inflection violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant Inflection maintained concerning Plaintiff.

34.  Defendant Inflection has willfully failed to comply with the FCRA. The failure of Inflection to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Inflection to delete;

   c. The failure to take adequate steps to verify information Inflection had reason to believe was inaccurate before including it in the credit report of the consumer.

35.  As a result of the conduct, action and inaction of Defendant Inflection, Plaintiff suffered damage by damage to his reputation; undue stress exerted trying to fix the erroneous Report; and the mental and emotional pain, anguish, humiliation, and embarrassment of a false or erroneous background check report.

36.  The conduct, action and inaction of Defendant Inflection was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

37.  Plaintiff is entitled to recover reasonable costs and attorney's fees from Inflection in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

### THIRD CAUSE OF ACTION
**Violations of Consumer Credit Reporting Agencies Act**
**Negligent violation of Cal. Civ. Code § 1785.14 as to Defendant Inflection**

38.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

39.  This is an action for negligent violation of the CCRAA Cal. Civ. Code § 1785.14.

40.  Defendant Inflection violated Cal. Civ. Code § 1785.14. by failing to establish or

follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant Inflection maintained concerning Plaintiff.

41. Defendant Inflection has negligently failed to comply with the CCRAA. The failure of Inflection to comply with the CCRAA includes but is not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Inflection to delete;

   c. The failure to take adequate steps to verify information Inflection had reason to believe was inaccurate before including it in the credit report of the consumer.

42. As a result of the conduct, action and inaction of Defendant Inflection, Plaintiff suffered damage by damage to his reputation; undue stress exerted trying to fix the erroneous Report; and the mental and emotional pain, anguish, humiliation, and embarrassment of a false or erroneous background check report.

43. The conduct, action and inaction of Defendant Inflection was negligent, entitling Plaintiff to damages under Cal. Civ. Code § 1785.31(a)(1).

44. Plaintiff is entitled to recover reasonable costs and attorney's fees from Inflection in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(1).

**FOURTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of Cal. Civ. Code § 1785.14 as to Defendant Inflection**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for willful violation of the CCRAA Cal. Civ. Code § 1785 et. seq.

47. Defendant Inflection violated Cal. Civ. Code § 1785.14 by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant Inflection maintained concerning Plaintiff.

48. Defendant Inflection has willfully failed to comply with the CCRAA. The failure of Inflection to comply with the CCRAA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Inflection to delete;

   c. The failure to take adequate steps to verify information Inflection had reason to believe was inaccurate before including it in the credit report of the consumer.

49. As a result of the conduct, action and inaction of Defendant Inflection, Plaintiff suffered damage by damage to his reputation; undue stress exerted trying to fix the erroneous Report; and the mental and emotional pain, anguish, humiliation, and embarrassment of a false or erroneous background check report.

50. The conduct, action and inaction of Defendant Inflection was willful, entitling Plaintiff to damages under Cal. Civ. Code § 1785.31(a)(2).

51. Plaintiff is entitled to recover reasonable costs and attorney's fees from Inflection in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(2).

**DEMAND FOR TRIAL BY JURY**

52.  Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgement against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a) from Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a) from Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) and Cal. Civ. Code § 1785.31(a)(2)(B) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C.§ 1681o(a)(2), Cal. Civ. Code § 1785.31(a)(1), and Cal. Civ. Code § 1785.31(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** September 9, 2024

By:    */s/Andrew J. Gramajo*
       Andrew J. Gramajo, Esq.
       Local Counsel for Plaintiff


       Shawn Jaffer, Esq.
       Lead Counsel for Plaintiff
       Pro Hac Vice application pending